The Honorable Robert S. Moore, Jr. State Representative Post Office Box 446 Arkansas City, Arkansas 71630-0446
Dear Representative Moore:
You have requested an additional opinion concerning the transfer of a particular school building by the McGehee School District ("District") to Desha County. I recently opined generally in response to your previous request concerning this proposed transfer that while the District may not donate the property to the County, the District is authorized to sell its property to the County for adequate consideration, which may be in the form of a "public advantage" that promotes a "general, suitable and efficient system of free public schools." Op. Att'y Gen. 2008-091. I emphasized that any question concerning the element of consideration is intensely factual. Id.
You have now presented the following specific facts:
 Desha County, upon acquiring ownership of this property, will contemporaneously enter a long term lease agreement with C.B. King Memorial School to operate a developmental disabilities training center on this property. C.B. King is a Developmental Disabilities Training Center licensed under the Department of Human Services to provide emotional, physical, academic and social training to developmentally disabled preschoolers, under age five. The purpose of these services is to prepare children in this category to be able to successfully enter the public school system;
 Financial obligations associated with maintenance of this property are a drain on the district's financial resources;
The district has and cannot foresee any use of this property which is located 12 miles from the McGehee Schools campus.
With this in mind, you ask:
 [I]f it is the decision of the McGehee School Board to sell this property to Desha County for primarily this non-monetary "public advantage" consideration, will such sale be construed as being lawful under the code provisions, case law, and Attorney General Opinions cited in the above referenced opinion?
RESPONSE
My opinion must necessarily be limited to the question of whether the use of the property for the category of services recited above would meet the "public advantage" test so as to support consideration for a sale of the property by the District.
The answer to this question is "yes," in my opinion.
I find support for this conclusion primarily in the fact that the General Assembly has specifically identified education and supportive services for children with disabilities to be "an integral part of the public schools." A.C.A. § 6-41-202(a)(1) (Supp. 2007) (part of the Children With Disabilities Act of 1973). See also A.C.A. § 6-41-203(3) (Supp. 2007) (defining "special education") A "child with disabilities" is defined in this law as "a person between three (3) and twenty-one (21) years of age" who needs special education and related services. A.C.A. § 6-41-203(1) (Supp. 2007). Given this legislation, it is my conclusion that the proposed use of the school property for the services described in your request would promote a "general, suitable and efficient system of free public schools," Ark. Const. art. 14, § 1, so as to support non-monetary consideration for a sale of the property by the District to the County, as contemplated by your question.
The matter of structuring the particular transaction is assigned, of course, to the District's legal counsel. I am not the District's counsel, and I am not advising the District regarding the merits or particular structuring of the sale.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General *Page 1